**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

JOSELINE LOPEZ HERNANDEZ,

Petitioner,

v.

WARDEN OF CALIFORNIA CITY DETENTION FACILITY, et al.,

Respondents.

Case No. 1:26-cv-08302-JLT-SAB

A-Number: 249-243-537

ORDER DENYING THE PETITION FOR HABEAS CORPUS; DENYING PETITIONER'S REQUEST FOR TEMPORARY RESTRAINING ORDER AS MOOT

(Docs. 1, 4)

## I. INTRODUCTION

Before the Court is Joseline Lopez Hernandez's request for a temporary restraining order (Doc. 4), filed in conjunction with her petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging her ongoing detention. (Doc. 1.) Respondents filed a response to the TRO and the underlying petition, asserting that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(A) due to her conviction for assault with a deadly weapon under California law. (*See* Doc. 9.) Having carefully considered the parties' submissions, and for the reasons set forth below, the Court **DENIES** the petition for writ of habeas corpus.

## II. FACTUAL & PROCEDURAL BACKGROUND

Petitioner is from Guatemala who entered the United States without admission or parole near Sasabe, Arizona, in March 2024. (Doc. 9-1 at 3.) She was detained by United States

Customs and Border Protection for about two weeks. (*Id*. at 15-19.) Then, on March 24, 2024, Petitioner was served with a Notice to Appear, charging her as removable pursuant to § 212(a)(6)(A)(i) of the Immigration and Nationality Act, codified in 8 U.S.C. § 1182(a)(6)(A)(i). (*Id*. at 19-20.) She was then paroled into the country after being issued an order of release on recognizance. (*Id*. at 7.) Later that year, on December 23, 2024, an immigration judge administratively closed Petitioner's case. (*Id*. at 13.)

On September 12, 2024, Petitioner was charged with one count of attempted murder of a minor under five years old under California Penal Code Section 664(a) and one count of cruel or inhumane corporal injury to the child under California Penal Code Section 273d(a). (*Id*. at 24-25.) Petitioner then entered into a plea agreement on May 21, 2026, resulting in her conviction for assault with a deadly weapon on June 18, 2026 and a sentence of four-years imprisonment. (*Id*. at 22, 28–32.) In August 2026, authorities at Central California Women's Facility, at which Petitioner had been imprisoned for her deadly assault conviction, informed United States Immigration and Customs Enforcement of her lack of immigration status. (*Id*. at 2.) The United States Department of Homeland Security issued an administrative arrest warrant on August 14, 2026. (*Id*. at 11.) On September 9, 2026, ICE agents arrested her and took her into custody. (*Id*.) That same day, in addition to being charged as removable pursuant to § 212(a)(6)(A)(i), Petitioner was also charged as inadmissible under 8 U.S.C. § 1182. (Id. at 36.) After Petitioner's arrest, DHS submitted a motion to reopen Petitioner's removal proceedings. (*Id.* at 3.) On October 1, 2026, an IJ granted that motion. (*Id.* at 9–10.) Petitioner is detained at the California City Detention Facility in California City, California, and her removal proceedings are ongoing. *See* Executive Office for Immigration Review, *Automated Case Info.*, https://acis.eoir.justice.gov/en/ (last accessed Oct. 20, 2026).

On October 9, 2026, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting, *inter alia,* that her continued detention without a bond hearing violates his Fifth Amendment right to due process.[1] (Doc. 1 at 25-27.) In opposition, Respondents argue

[1] Petitioner filed a boilerplate petition for a writ of habeas corpus. (*See* Doc. 1) While the legal standards for the claim of relief are in English, there are portions of the petition are handwritten in Spanish. (*See e.g.*, *id*. at 11-13, 24-25.)

that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(A).[2] (*See generally*, Doc. 6.)

## III. LEGAL STANDARD

Under 28 U.S.C. § 2241, the Court has the authority to determine a petition for writ of habeas corpus in which the petitioner asserts he is being held in custody "in violation of the Constitution or laws or treaties of the United States." "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Petitioner seeks his immediate release from custody, which he contends violates the Fifth Amendment Due Process Clause under the United States Constitution. (Doc. 1 at 25-27.) Thus, she properly invokes the Court's habeas jurisdiction.

The INA limits judicial review in many instances. Though 8 U.S.C § 1252(g) precludes this Court from exercising jurisdiction over the executive's decision to "commence proceedings, adjudicate cases, or execute removal orders against any alien," there is no removal order at issue here and the central issue is Petitioner's continued detention. Thus, this Court has the authority to review Petitioner's habeas petition. *See Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (holding that § 1252(g) precludes judicial review only as to the three areas specifically outlined in the subsection); *Reno v. American–Arab Anti–Discrimination Comm.*, 525 U.S. 471, 482 (1999).

## IV. DISCUSSION

Respondents argue that Petitioner subject to mandatory detention § 1226(c)(1)(A) based on her criminal conviction for assault with a deadly weapon. (Doc. 9 at 3.) Section 236 of the Immigration and Nationality Act, 8 U.S.C. § 1226, governs the apprehension and detention of noncitizens whose removal proceedings are pending. *Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008) ("Where an alien falls within this statutory scheme can affect whether his

---

[2] Respondents argue in the alternative that Petitioner is subject to mandatory detention under Title 8, United States Code, Section 1225(b)(1)(B)(ii) due to her fear claim. (Doc. 9 at 4.) Given that Petitioner is subject to mandatory detention under § 1226(c)(1)(A), the Court declines to address this additional detention authority argument.

detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention.") While § 1226(a) allows the government to either detain or release noncitizens while their removal proceedings are pending, § 1226(c) imposes mandatory detention on certain noncitizens. 8 U.S.C § 1226(c)(1) ("The Attorney General shall take into custody...) (emphasis added). *See also* 8 U.S.C § 1226(c)(4) (allowing release only if the Attorney General (AG) deems it necessary for witness protection and if the AG determines such noncitizen witness will not pose a danger or flight risk). 8 U.S.C. § 1226(c)(1)(A) mandates detention of a noncitizen who is "inadmissible by reason of having committed any offense covered in section 1182(a)(2)[.]" 8 U.S.C. § 1226(c)(1)(A) requires detention of noncitizens who are inadmissible by reason for having committed any offense covered in 8 U.S.C. § 1182(a)(2), which includes those who have committed crimes involving moral turpitude. 8 U.S.C. §§ 1226(c)(1)(A), 1182(a)(2)(A).

Petitioner was charged as inadmissible under 8 U.S.C. § 1182(a)(2). (Doc. 9 at 36.) Moreover, Respondents correctly note that assault with a deadly weapon under California law is categorically a crime involving moral turpitude. *See Matter of Wu*, 27 I. & N. Dec. 8 (BIA 2017); *Safaryan v. Barr*, 975 F.3d 976, 988 (9th Cir. 2020). Thus, the Court finds Petitioner's detention is mandatory under 8 U.S.C. § 1226(c)(1)(A) and that she is not entitled to habeas relief at this time.

## V. CONCLUSION AND ORDER

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.
2. Petitioner's Motion for Temporary Restraining Order (Doc. 4) is **DENIED as moot.**

///

///

///

///

///

///

3. The Clerk of the Court is directed to **CLOSE THE CASE** and enter judgment for Respondents. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: _November 9, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE